IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NOE SANTOS**<br><br>    Plaintiff,<br><br>v.<br><br>**LOWE'S COMPANIES, INC.**<br><br>    Defendant | CA No. 4:22-cv-02005<br><br>**JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Noe Santos (Plaintiff) complains of Lowe's Companies, Inc. (Lowe's or Defendant).

### 1. INTRODUCTION

1.1. Plaintiff demands a jury for any and all issues triable to a jury. He complains that he was discriminated against regarding the terms and conditions of his employment and was terminated because of his disability and because he requested legally protected medical leave. Defendant's actions violated the Americans with Disabilities Act of 1990, as amended (ADAAA), and the Family and Medical Leave Act of 1993 (FMLA).

1.2. Plaintiff seeks all damages recoverable under those laws, including compensatory and punitive damages, liquidated damages, expert witness fees, court costs, attorney's fees and prejudgment and post-judgment interest.

### 2. PARTIES

2.1. Plaintiff is employed by Defendant and resides in Harris County, Texas.

2.2. Defendant is a North Carolina corporation conducting business in Texas. Defendant may be served with process through its registered agent, Corporation

Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620 Austin, TX 78701-3218.

### 3. JURISDICTION

3.1. This action is brought under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.,* and the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas – Houston Division.

3.2. This court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this court.

### 4. PROCEDURAL REQUISITES

4.1. Jurisdiction is appropriate because Plaintiff timely filed a charge with the Equal Employment Opportunity Commission alleging discrimination and retaliation under the ADAAA. The EEOC granted Plaintiff the right to sue by notice dated March 24, 2022. This suit is filed within 90 days of receiving that notice.

4.2. Plaintiff has satisfied all procedural requisites to the filing of this suit.

### 5. STATEMENT OF CLAIMS

5.1 Plaintiff is a diabetic. He went to work for Lowe's in February 2019 as a Plumbing Pro. In August 2020, he underwent an above-the-knee amputation of his right leg.

5.2 He requested and was granted a leave of absence as a reasonable accommodation under the ADAAA and/or the FMLA. Defendant approved Plaintiff's request by correspondence dated September 30, 2020, granting him leave from July 23,

2020, through December 1, 2020.  However, Plaintiff terminated Defendant September 20, 2020.

5.3   Plaintiff did not learn he had been fired until days later, when he was supposed to receive a prosthetic leg through Lowe's health insurance coverage.  The healthcare worker who was supposed to fit him with the device informed him he could not do so because Plaintiff had been terminated and his healthcare policy was consequently canceled.

5.4   Plaintiff was thrown into despair.  For months he and a friend contacted various employees of Lowe's in an attempt to find out how this could have happened.  They got little or no information as Defendant blamed his termination on different levels of authority.

5.5   During that time, Plaintiff relied on friends and Catholic Charities to pay his rent, buy him food and pay his medical bills.  He was forced to go on food stamps.

5.6   Plaintiff wept constantly and wondered how he would survive.  Because he could not afford the prosthetic leg or physical therapy he needed to help him learn to use it, he remained confined to a wheelchair.  He could not afford other medical care that he needed.

5.7   Plaintiff was finally rehired and returned to work.  He is able to perform his job even using his wheelchair.  His ratings from supervisors and from customers are consistently excellent.

5.8   Plaintiff was denied a reasonable accommodation, a leave of absence, even though Defendant had approved it.  He was terminated in violation of the

ADAAA and/or the FMLA.  He has been discriminated against because of his disability and/or his reasonable request for leave.

### 6. FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION

6.1 Based on the above facts, Plaintiff alleges Defendant discriminated against him in violation of the Americans with Disabilities Act, as amended.

6.2 Defendant denied Plaintiff a reasonable accommodation despite its own correspondence granting Defendant's request.  Defendant subjected Plaintiff to different terms and conditions of employment and terminated him because of his disability, as that term is defined by the ADAAA.

6.3 Defendant regarded Plaintiff as disabled even though he could and can perform the essential functions of his job.  Plaintiff's request for a reasonable accommodation would not have created too great a burden on Defendant.  Further, Plaintiff was discriminated against based on a record of impairment.

6.4 Defendant retaliated against Plaintiff for his request for an accommodation.

6.5 Defendant's actions caused Plaintiff to suffer lost wages in the past and future, loss of future earnings capacity, past and future emotional pain and suffering and mental anguish.  In all probability, Plaintiff will continue to suffer such damages.

6.6 Further, Defendant acted with malice or, in the alternative, with reckless indifference to Plaintiff's federally protected rights.  He is entitled to punitive damages and all other damages available under the ADAAA.

### 7. SECOND CAUSE OF ACTION: FMLA

7.1 Based on the above facts, Plaintiff alleges Defendant discriminated against him and retaliated against him for needing federally protected leave under the

Family Medical Leave Act. In the alternative, Defendant denied Plaintiff access to FMLA leave, then terminated him rather than allow him to take it.

7.2  As a direct and proximate result of Defendant's intentional, discriminatory, and/or otherwise unlawful acts described above, Plaintiff suffered and continues to suffer mental anguish and emotional pain and suffering, all to his detriment and compensable at law. Plaintiff also sues for punitive or liquidated damages as allowed by statute.

## 8. JURY TRIAL

8.1  Plaintiff respectfully requests a jury trial and has paid the required fee.

## 9. PRAYER

9.1.  For all of the above reasons, Plaintiff prays for the following relief:

9.1.1.  Judgment against Defendant for actual damages;

9.1.2.  General damages for the harm Defendant caused Plaintiff through its violations of the ADAAA;

9.1.3.  General damages for the harm Defendant caused Plaintiff through its violations of the FMLA;

9.1.4.  Back pay and front pay and benefits;

9.1.5.  Compensatory damages for emotional pain, suffering, inconvenience, and loss of enjoyment of life;

9.1.6.  Liquidated damages;

9.1.7.  Exemplary or punitive damages;

9.1.8.  Pre-judgment and post-judgment interest;

9.1.9.  Attorneys' fees and costs of court; and

9.1.10. Other and further relief, at law or in equity, to which Plaintiff may show he is justly entitled.

Respectfully submitted,

**ANDREW M. WILLIAMS & ASSOCIATES**

By: /s/ *Andrew M. Williams*
Andrew M. Williams
SBN 21510835
6565 West Loop South, Suite 560
Bellaire, Texas  77401
(713) 840-7321 - Telephone
(713) 839-1302 – Facsimile
andy@amwlawfirm.com - Email

**ATTORNEYS FOR PLAINTIFF**